799 So.2d 319 (2001)
Glenn SMITH, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 1D00-4402.
District Court of Appeal of Florida, First District.
October 9, 2001.
Rehearing Denied November 21, 2001.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and Sean F. Callaghan, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's ruling on various grounds, including the constitutionality of Fla. Admin. Code R. 33-22.012, § 2-4, presently R. 33-601.314, § 2-4, which is the rule against fighting in prisons. We affirm the trial court's ruling that the rule is not unconstitutionally vague or overbroad. Ordinary people can understand what is meant by the prohibition against fighting. See D.L.B. v. State, 707 So.2d 844 (Fla. 2d DCA 1998) (holding that statute prohibiting "affray" was not impermissibly vague; ordinary people can understand that "affray", which is fighting in a public place to the terror of people, is prohibited), aff'd, 720 So.2d 202 (Fla.1998). The rule is not overbroad because there are no First Amendment issues. State v. Hoyt, 609 So.2d 744, 746 (Fla. 1st DCA 1992) ("Legislation is not susceptible to an overbreadth challenge unless it applies to *320 conduct protected by the First Amendment.").
The other arguments raised by Appellant are rejected because they lack merit.
AFFIRMED.
WEBSTER, BROWNING and POLSTON, JJ., concur.